## CIRCUIT COURT OF FAIRFAX COUNTY

Kyong Sik Kim

    v.

Commonwealth of Virginia,
Department of Motor Vehicles, et al.

June 9, 1994

Case No. (Law) 129634

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on the Demurrer and Pleas in Bar of Sovereign Immunity and the Statute of Limitations of the Defendant, the Commonwealth of Virginia, Department of Motor Vehicles (DMV). The Court has considered the parties' oral argument and written submissions, as well as the authorities cited therein. For the reasons set forth hereinafter, the Defendant's Pleas in Bar are sustained, and this matter is dismissed in its entirely as against the Commonwealth of Virginia, Department of Motor Vehicles.

The Virginia Tort Claims Act (Claims Act) embodied in Virginia Code § 8.01-195.1 et seq. specifically waives the Commonwealth's immunity in certain instances. Additionally, the Claims Act contemplates a detailed notice and presentment procedure for claims cognizable against the Commonwealth. More specifically, the Claims Act requires, *inter alia*, that a written statement of the nature of the claim be filed with the Director of the Division of Risk Assessment or the Attorney General within one year after an alleged cause of action accrues. Virginia Code § 8.01-195.6. The act further states that "every claim cognizable against the Commonwealth . . . shall be forever barred, unless within one year after the cause of action accrues to the claimant, the notice of claim as required by § 8.01-195.6 is properly filed." Virginia Code § 8.01-195.7.

At the hearing, Plaintiff testified that no such notice had been given to either the Division of Risk Management or the Attorney General as ex-

plicitly required by statute.[1] Additionally, Plaintiff stipulated that each of the alleged causes of action accrued on the dates specified in his Motion for Judgment.[2] With the exception of two allegedly false publications of Plaintiff's driving record,[3] all other causes of action listed in Plaintiff's Motion for Judgment have accrued and proper notice has not been given to either the Division of Risk Management or the Attorney General's office within the one year statutory time period. Thus, these claims are "forever barred" pursuant to Virginia Code § 8.01-195.7.

Finally, Virginia Code § 8.01-195.7 provides that an action may be commenced only upon denial of the alleged claim by the Attorney General or the Director of the Division of Risk Management, or after the expiration of six months from the date of filing of the notice of the claim. Thus, presentment of an allegedly cognizable claim to either the Director of the Division of Risk Management or the Attorney General's office serves as a necessary condition precedent to the proper prosecution of any claim against the Commonwealth. The evidence establishes that no notice of claim has yet been filed in either of the relevant governmental entities. Therefore, as the statutorily-defined administrative conditions have not been properly followed, the Plea in Bar as to Plaintiff's remaining two "counts" is sustained and this cause is dismissed in its entirety as against the Commonwealth of Virginia, Department of Motor Vehicles.

As a result of the Court's rulings on the Defendant's Plea in Bar, the Court need not reach the merits of Defendant's argument as set forth in its Demurrer.

---

[1] At oral argument, Plaintiff only argued that the filing of the Motion for Judgment in Circuit Court satisfied the Code's notice procedures.

[2] Plaintiff's Motion for Judgment actually consists of several Motions for Judgment compiled under one general index.

[3] In several separate "Motions for Judgment," Plaintiff asserts that on June 17, 1993, and January 12, 1994, the Department of Motor Vehicles published defamatory statements concerning the Plaintiff's driving record.